Judge Underwood
delivered the opiuionof the Court
At the June term of the Garrard ■circuit court, 1828, Jas. Turpin recovered a judgment in an action of detinue, against Hezekiah Turpin and others, fora slave named Stephen, if to be had, if not, then his value, and damages for the detention and costs.
At the September term following, the'record states that, “the parties came, by their attorneys, and on motion of the plainliffj n noli prosequi is ^ntcrú'á herein, as to the defendant, Francis Jones.” -The court then go on to enter another judgment against the “deferí’ dantf for the same slave, if to be had, if not, for the Same sumas his valué, for the same amount of dama, ges and costs. “And it appearing to the court (as the record says) that there was a motion'for a new trial, made at the last term, and suspended until this term, but that the same was not entered on the record book, it is ordered, on motion, that the same be entered nunc pro tunc, and that the judgment of the last term be set aside.” This motion for a new trial was over;ruled. The defendants tiled exceptions. At the ■March term-, 1829, the court undertook to amend the judgment rendered at the June term, 1828, although ■it had been set aside at the September term, if the order then made, could have that effect. By the amendment of March, .the judgment of the preceding June, against the defendants, Milton Jones, Jod Atkins and Francis Jones, was set asido, and so much *328 -of said judgment as is against Hezekiah Turpin, is directed to stand “unaltered and be considered as the only judgment of this court,” in this case we suppose. To give full effect to this order of March, the judgment of September must be regarded as nullified, and the judgment of June, which had been destroyed byjthat of September, again resuscitated. At Marclf, a judgment was rendered in favor of M.Jones, Atkins and •E. Jones, for costs against James Turpin.
Motion for DeVVb'.a*n tered of record, at term at which trial was had. Too late at term?toT<-nter such motion, mmc pro tunc, and thereup-altemtionof6 judgment of previous tern,.
.JVoKprosequi astooneof' def’ts. cannot subsequent at •term, after verdict and judgment.
Motion for ■new trial, en-ámin'fterm'1 at which ver-■dietrendered, Li-
Without noticing the assignment of errors particularly, we shall proceed to point out the errors which exist, and for which the proceedings of the court, at the September term, 1828, must be reversed- There is no assignment of error which will enable us to rcach the proceedings at March, 1829.
No entry having been made on the record, at the ^une term, (hat a motion for a new trial Was pending before (lie court, it was too late, at the next term, to enter such a motion, nunc pro tunc, and thereupon, to predicate a change or alteration of the effect of the judgment of June. To suffer a noli prosequi, as to one of the defendants, after judgment, and thus to rejease that defendant from ajl responsibility, at a term aftef- the judgment was complete, and thereby to-increase the responsibility of the other defendants, cannot be tolerated. It would give to circuit courts, power to modify and change their judgments, without limitation as to time, against the settled doctrine, that: their power over the record, ceases at the end of eacjj term> pye |lave decided a case in which the practice of entering a motion for a new trial, of record at the term, during which the verdict was rendered, aIK^ continuing it until the next term, was tolerated. But even that was made a question. When no such entry has beeu made, there is nothing to suspend the judgment, and jf new trials could be granted after, at a subsequent term, on motion,-it might ¡present the strange case of a new tyial being granted, after the judgment was fully executed, and this too, by the common law tribunal, which tried the cause, a thing unheard of, so far as our researches extend. Such a power cannot, he sustained in any case., before *329 isny tribunal known to her laws, unless the omisssion to act within proper time, has been the result of fraud or mistake, or unless the act done has resulted from fraud or mistake. How far it may be competent to correct errors proceeding from fraud or mistake, on motion at a subsequent term, need not be decided in this case, since we are of opinion that if any fraud or mistake induced the omission to enter the motion for a new trial, at the proper time, the remedy of the defendants, if they had any, would have been by bill in equity, injoining the proceedings on the judgment at law. It'must be apparent that a practice in the inferior courts, to hear and decide on motions for new trials, first noticed and entered on record at a term subsequent to thata.t which the trial was had, would lead to great irregularities. The confusion which the record in this case exhibits, demonstrates the evils likely to follow such a practice, in a forcible manner.
Kincaid, for plaintiff’, Owsley and Anderson, for defendants.
But in this case, there were arguments urged to support the proceedings of the circuit court, at their ■September and March terms, as legitimate amendments of the judgment of June. These arguments are fully answered by the fact that the record exhibits nothing which could be the foundation of such ■amendments. Besides, under the doctrine of amendments, we cannot find any authority to destroy. Here there is a total destruction of a judgment, which, for aught that appears to us, is perfectly correct, upon the verdict as copied into the record. It is set aside and a new judgment rendered, and thereafter, this new judgment is set aside, and the first permitted to remain partially in force. If these proceedings are to be tolerated, when will the record present a permanent judgment? We regard all the orders made subsequent to the judgment of June, as unauthorized by law.
Wherefore, the judgment of the Sept'ember term, 1828, and every order then made, are reversed and set aside.
Each party must pay his own costs.